Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Zachary Lynch, Esq., State Bar No. 332964
ZLynch@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Blvd.
Los Angeles, California 90049
Telephone Number: (310) 860 0770
Facsimile Number: (310) 860 0771

Attorneys for Plaintiff,
ELIZABETH MCCLENEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CLAIFORNIA

| | |
|---|---|
| ELIZABETH MCCLENEY,<br><br>    Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC., a corporation, WYNDHAM WORLDWIDE OPERATIONS, INC., a corporation, CARA GODFREY, an individual, LINDA HILL, an individual, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 2:22-cv-01927-FLA-SK<br><br>**The Honorable Fernando L. Aenlle-Rocha**<br><br>**PLAINTIFF ELIZABETH MCCLENEY'S MOTION TO AMEND HER COMPLAINT PURSUANT TO FRCP RULE 15(a)(2)**<br><br>(*Filed Concurrently with [Proposed] Order Granting Leave to Amend; Appendix of Evidence in Support of Leave to Amend; Notice of Lodging Amended Pleading; Notice of Motion and Motion for Remand; [Proposed] Order Granting Remand; Request for Evidentiary Rulings in Support of Motion for Remand; [Proposed] Order Granting Evidentiary Rulings in Support of Motion for Remand)*<br><br>Date: May 27, 2022<br>Time: 1:30 p.m.<br>Courtroom: 6B<br><br>Trial Date: None Set<br>Action Filed: February 16, 2022<br>Action Removed: March 24. 2022 |

**TO ALL PARTIES AND THIS HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on May 27, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Fernando L. Aenlle-Rocha, in Courtroom 6B of this Court, First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, pursuant to the Federal Rules of Civil Procedure ("FRCP"), Local Rules, and the Court's Standing Order, Plaintiff Elizabeth McCleney respectfully files this Motion for Leave to Amend Her Complaint to add Ashley Hannold as an individual defendant in McCleney's claims for hostile work environment harassment in violation of FEHA and intentional infliction of emotional distress, along with associated facts

McCleney certifies that she has exhausted meet and confer efforts under Local Rule 7-3 prior to this Motion for Leave to Amend Her Complaint. These meet and confer efforts included written correspondences and a phone conversation with Defendants' counsel. Defendants have refused to stipulate to leave for McCleney to amend her complaint. (Lynch Decl., ¶ 2; Exhs. 1-2.)

This motion is based on this notice, the accompanying memorandum, McCleney's Appendix of Evidence in Support of Motion for Leave to Amend Her Complaint, the pleadings and other papers on file with this action, any oral argument, and all matters of which the Court may take judicial notice.

Dated: April 25, 2022               SHEGERIAN & ASSOCIATES, INC.

                                    By: ___/s/ Zachary Lynch_____
                                        Zachary Lynch, Esq.

                                    Attorneys for Plaintiff,
                                    ELIZABETH MCCLENEY

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. SUMMARY OF PLAINTIFF'S ARGUMENT

For the reasons discussed below, Plaintiff Elizabeth McCleney ("McCleney") respectfully request that the Court grant McCleney's Motion for Leave to Amend Her Complaint.

Under FRCP Rule 15(a)(2), "the [C]ourt should freely give leave [to amend] when justice so requires." There is a "strong policy permitting amendment." *Thomas-Lazear v. Federal Bureau of Investigation* (9th Cir. 1988) 851 F.2d 1202, 1206; *see also S.S. Silberblett Inc. v. East Harlem Pilot Block Building 1 Housing Development Fund Co., Inc.* (2nd Cir. 1979) 608 F.2d 28, 42 (requiring only a "colorable grounds for relief"). Additionally, as recognized in the Court's Standing Order, the policy favoring amendment requires "extreme liberality." *Morongo Band of Missions Indians v. Rose* (9th Cir. 1990) 893 F.2d 1074, 1079.

McCleney seeks leave to amend her complaint to add an Ashley Hannold, who is an alleged decision-maker or ratified the decisions in accommodations process as well as the decision to terminate, as an individual defendant for hostile work environment harassment and intentional infliction of emotional distress.

As introduced above and further discussed below, respectfully, the Court can and should grant McCleney's Motion for Leave to Amend Her Complaint.

### 2. ARGUMENT

**A. Under FRCP Rule 15(a)(2), the Court is Authorized to Grant McCleney Leave to Amend Her Complaint and Should Do So.**

Under FRCP Rule 15(a)(2), "the [C]ourt should freely give leave [to amend] when justice so requires." There is a "strong policy permitting amendment." *Thomas-Lazear v. Federal Bureau of Investigation* (9th Cir. 1988) 851 F.2d 1202, 1206; *see also S.S. Silberblett Inc. v. East Harlem Pilot Block Building 1 Housing Development Fund Co., Inc.* (2nd Cir. 1979) 608 F.2d 28, 42 (requiring only a "colorable grounds for relief"). "In deciding whether justice so requires granting leave to amend, factors to be considered

include the presence or absence or undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Foman v. Davis* (1962) 371 U.S. 178, 182.

Here, McCleney seeks to amend her complaint for the purpose of adding individual Defendant Ashley Hannold, who is a Human Resources Manager with Defendants. Factually, Hannold's involvement included: McCleney communicated directly with Hannold regarding the status of McCleney's disabilities and medical condition; Hannold oversaw, whether in whole or in part, the human resource functions at the Solvang facility; and Hannold was a decision-maker and/or ratified the threat of demotion, demotion, and/or termination of McCleney's employment. Without leave to amend her complaint, McCleney will be left without recourse against Hannold, for the purposes of individual liability or recovery.

*First,* there is no undue delay. From the date of this instant brief, the action was filed just over two months ago and removed just over one month ago. It is early in the litigation process and no discovery has been completed. McCleney herself just recently recalled this additional factual involvement of Hannold. Otherwise stated, McCleney did not delay in seeking relief once Hannold's identity and the extent of her involvement became known.

*Second*, there is no bad faith involved in McCleney amending her complaint. As factually discussed above and further applied below, there are legitimate grounds to name Hannold as an individual defendant to the action, which reasonably give rise to liability under Hostile Work Environment Harassment in violation of FEHA and Intentional Infliction of Emotional Distress.

*Third,* there is no dilatory motive. It is early in the litigation process, with the complaint being filed just over two months ago. No dispositive motions have been filed and no trial date has been set. Given Hannold is already factually implicated under the operative complaint, adding Hannold as a named defendant at this still-early stage will nit result in any delay to litigation. In short, there is no delay, much less a purposeful delay,

to litigation prompting Hannold's addition as an individual defendant.

*Fourth*, there is no "repeated failure" to cure deficiencies. This would be McCleney's first amendment to her complaint since filing and no courts have ordered any modifications to McCleney's complaint. Therefore, there is no "failure" to cure deficiencies, much less any "repeated" failure to cure deficiencies.

*Fourth*, there is no undue prejudice to the opposing party, even if the action is ultimately remanded because of Hannold's domicile. Since this matter was originally filed in state court, Defendants did not have an automatic right to proceed in federal court (i.e., had Defendants chosen, they could have proceeded in state court notwithstanding the alleged diversity). Therefore, when an action is removed, there is no prejudice, much less undue prejudice, should the matter eventually commence is state court. *See American Nat. Bank and Trust Co. of Sapulpa v. Bic Corp.* (10th Cir. 1991) 931 F.2d 1411, 1413 (finding, in the context of voluntary dismissal under FRCP 41(a)(2), loss of federal forum does not amount prejudice).

*Fifth*, an amendment adding Hannold as an individual would not be futile because, under Hostile Work Environment Harassment in violation of FEHA and Intentional Infliction of Emotional Distress, as factually discussed above, Hannold faces liability as an individual, primarily, because she was the decision-maker and/or ratified the adverse employment action with requisite intent, constituting harassment and intentional infliction of emotional distress. *See Roby v. McKesson Corp.* (2009) 47 Cal 4th 686, 709 (the California Supreme Court clarifying that "management" activity could be actionable as harassment if it sent the employee a discriminatory message (e.g., that because of McCleney's disability and/or medical condition (cancer/genetic characteristic) that she was unwelcome in the workplace); *Kelly-Zurian v. Wohl Shoe Co., Inc.* (1994) Cal.App.4th 397, 409 (1994) (defining harassment as "severe or pervasive [conduct that] alter[s] the conditions of the victim's employment and create an abusive working environment, the law is violated."); *Macias v. Levy Premium Foodservices Ltd. P'ship* (C.D. Cal. 2015) 2015 U.S. Dist. LEXIS 183118, *9 (violating an employee's

"fundamental interest … in a deceptive manner that results in the plaintiff being denied rights granted to other employees[]" can give rise for a claim of intentional infliction of emotional distress). Both hostile work environment harassment in violation of FEHA and Intentional Infliction of Emotional distress are firmly a question for the jury. *Harris v. Forklift Systems, Inc.* (1993) 510 U.S. 17, 23 (whether conduct is harassing is "usually a question of fact" for the jury); *Murphy v. Allstate Ins. Co.* (1978) 83 Cal.App.3d 38, 51 ("outrageous" conduct is a question for the jury).

Here, as discussed in the concurrently filed Motion to Remand and incorporated here by reference, McCleney's amended pleading states causes of action against Hannold for both hostile work environment harassment in violation of FEHA and intentional infliction of emotional distress. (*See* 9:17-12:27.) To the extent that Defendants attempt to assert contradicting evidence, questions of facts and ambiguities in state law must be resolved in plaintiff's favor. *Padilla v. AT&T Corp.* (C.D. Cal. 2009) 697 F.Supp. 1156, 1159. In sum, "justice so requires" the Court grant McCleney leave to amend her complaint.

**B. McCleney Has Complied with the Court's Standing Order Regarding Motions to Amend and Local Rule 15-1.**

Under Local Rule 15-1, "Any proposed amended pleading must be filed as an attachment to the related motion . . ." Additionally, under the Court's Standing Order, in addition to requirements under Local Rule 15-1, the Court further requires that the instant motion to amend: "(1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from prior amendments; (3) identify the pages and line numbers, and wording of any proposed change or addition of material." Additionally, "[t]he proposed amended pleading must be serially numbered to differentiate it from previously amended pleadings."[1] McCleney has satisfied these filing requirements and

---

[1] The Court further requires: (i) that McCleney file a "Notice of Lodging," attaching the proposed amended pleading; and (ii) a redlined version included as an appendix to the moving papers. McCleney has satisfied these requirements.

-4-
PLAINTIFF'S MOTION TO AMEND HER COMPLAINT PURSUANT TO FRCP RULE 15(a)(2)

provides the following information:

*State the effect of the amendment*: Add Ashley Hannold as an individual defendant to the claims for hostile work environment harassment in violation of FEHA and intentional infliction of emotional distress.

*Be serially numbered to differentiate the amendment from prior amendments:* McCleney has captioned her amended pleading "Plaintiff Elizabeth McCleney's First Amended Complaint for Damages." This is serially numbered to coincide with the fact that this is the first and only amendment, so far, to McCleney's complaint.

*Identification of pages, line numbers, and wording of any proposed change or addition of material. For the purposes of identifying page and line numbers, McCleney refers to the red-lined version of her amended complaint, which contains line and page numbers for added and deleted material (pages numbers added/revised to the caption pages, Table of Contents, and Table of Authorities to aid in identification)*:

- To the caption, changing, "SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SANTA BARBARA" to "UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA[.]" (Exh. 3, i:9-12.)[2]
- To the caption, adding, ". . . ASHLEY HANNOLD, an individual, . . ." (*Id.* at i:20.)
- To the caption, removing, ". . . LINDA HILL, an individual, . . ." (*Id.* at i:20.)
- To the caption, adding, "… First Amended …" (*Id.* at i:15-16.)
- In the Summary, adding "… defendant Ashley Hannold ("Hannold")…" (*Id.* at 1:8.)
- In the Summary, removing "… Linda Hill ("Hill") …" (*Id.* at 1:9.)
- In paragraph 3, removing, "Defendant Hill is, and at all times mentioned in

---

[2] To be clear, this is not a waiver of any arguments regarding forum but, rather, McCleney complying with the Courts filing standards.

-5-

PLAINTIFF'S MOTION TO AMEND HER COMPLAINT PURSUANT TO FRCP RULE 15(a)(2)

this Complaint was, a supervisor with defendants. Defendant Hill is, and at all times mentioned in this Complaint was, a resident of Santa Barbara County, California." (*Id.* at 1:26-2:1.)

- In paragraph 3, adding, "Defendant Hannold is, and at all times mentioned was, a supervisor with defendants. Defendant Hannold is, and at all times mentioned in this Complaint was, a resident of California." (*Id.* at 2:1-3.)

- In paragraph 20, adding, "At the time, McCleney believed this to be against Defendants internal policies, at a minimum, because she observed other employees receive workplace modifications and/or return without facing demotion." (*Id.* at 4:28-5:2.)

- In paragraph 21, adding, "Throughout this period, Hannold was the Human Resource Manager for, at least, Godfrey and Cara Godfrey's team. Additionally, Hannold was either the decision-maker or ratified the decisions in the accommodations process and McCleney's employment status throughout her medical leave, which knowledge of McCleney's protected status. Based upon McCleney's observations of other employees' accommodations request, McCleney knew that Godfrey was required to have any medical leave or accommodations issues approved by the Human Resources Manager, who—at the time—was Hannold." (*Id.* at 5:3-9.)

- In paragraph 24, adding, "Following McCleney's return to work, McCleney spoke with Hannold regarding withholdings from McCleney's paycheck. Hannold offered no support regarding the pay issue and responded in a dismissive manner. In this interaction, McCleney further expressed to Hannold that her employment was important so she could maintain an income and receive insurance because of her ongoing treatments for her medical condition." (*Id.* at 5:18-22.)

- In paragraph 27, changing "… April 15, 2021 …" to "… April 15, 2020 …" (*Id.* at 6:3.)

- In paragraph 27, adding Hannold's involvement on the termination call, to state, "Godfrey and Hannold called McCleney, who stated, "We are sorry to do this, but due to what's going on we have to terminate seven people[, including McCleney], and that [McCleney] could not reapply." McCleney asked why she could not re-apply, to which Hannold did not directly respond and reiterated that McCleney could not re-apply." (*Id.* at 6:3-7.)
- Revising certain paragraph notations from letters to consecutive numbers.
- Updating the date for the signature, which—if granted—will ultimately be the date of filing.

McCleney has also filed a "Notice of Lodging" to which she attached a "clean" version of the proposed amended pleading. The red-lined version is attached as Exhibit 3 of the concurrently filed Appendix of Evidence in Support of McCleney's Motion for Leave to Amend.

### C. The Parties Met and Conferred Pursuant to Local Rule 7-3 and the Court's Standing Order.

McCleney sent a meet and confer letter to Defendant's counsel on April 12, 2022. (Exh. 1.) The Parties further met and conferred regarding the substant of the instant motion on April 19, 2022. (Lynch Decl., ¶ 3.) The Parties further met and conferred via email communications following the telephonic conversation regarding the substance of the instant motion. (Exh. 2.) However, the Parties are at an impasse regarding the instant motion.

### 3. CONCLUSION

For the aforementioned reasons, McCleney respectfully requests the Court grant her Motion for Leave to Amend Her Complaint.

///
///
///
///

Dated: April 25, 2022

SHEGERIAN & ASSOCIATES, INC.

By: _____
Zachary Lynch, Esq.

Attorneys for Plaintiff,
ELIZABETH MCCLENEY

MCCLENEY v. WYNDHAM VACATION OWNERSHIP, INC., et al.    USDC CASE NO.: 2:22-cv-01927-FLA-SK

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Blvd., Los Angeles, California 90049.

On April 25, 2022, I served the foregoing document, described as **"PLAINTIFF ELIZABETH MCCLENEY'S MOTION TO AMEND HER COMPLAINT PURSUANT TO FRCP RULE 15(a)(2)"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Gregory S. Glazer**
gglazer@hkemploymentlaw.com
**Alia L. Chaib**
Achaib@hkemploymentlaw.com
**HIRSCHFELD KRAEMER LLP**
**233 Wilshire Boulevard, Suite 600**
**Santa Monica. CA 90401**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 25, 2022, at Los Angeles, California.

*/s/ Michelle Hemer*
Michelle Hemer