Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Zachary Lynch, Esq., State Bar No. 332964
ZLynch@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Blvd.
Los Angeles, California 90049
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
ELIZABETH MCCLENEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CLAIFORNIA

| | |
|---|---|
| ELIZABETH MCCLENEY,<br><br>   Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC., a corporation, WYNDHAM WORLDWIDE OPERATIONS, INC., a corporation, CARA GODFREY, an individual, LINDA HILL, an individual, and DOES 1 to 100, inclusive,<br><br>   Defendants. | Case No.: 2:22-cv-01927-FLA-SK<br><br>**The Honorable Fernando L. Aenlle-Rocha**<br><br>**PLAINTIFF ELIZABETH MCCLENEY'S NOTICE OF LODGING PROPOSED FIRST AMENDED COMPLAINT IN SUPPORT OF MOTION TO AMEND HER COMPLAINT PURSUANT TO FRCP RULE 15(a)(2)**<br><br>Date: May 27, 2022<br>Time: 1:30 p.m.<br>Courtroom: 6B<br><br>Trial Date: None Set<br>Action Filed: February 16, 2022<br>Action Removed: March 24. 2022 |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, as required by the Court's Standing Order, Plaintiff Elizabeth McCleney hereby lodges as **Exhibit 1** her proposed First Amended Complaint in Support of Her Motion for Leave to Amend, which is set for hearing on May 27, 2022, at 1:30 p.m., before the Honorable Fernando L. Aenlle-Rocha, in Department 6B of the United States District Court Central District of California, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012.

Dated:  April 25, 2022                SHEGERIAN & ASSOCIATES, INC.

By: _____
    Zachary Lynch, Esq.

    Attorneys for Plaintiff,
    ELIZABETH MCCLENEY

# EXHIBIT 1

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq. State Bar No. 259154
ANguyen@Shegerianlaw.com
Zachary Lynch, Esq., State Bar No. 332964
ZLynch@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
145 South Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number:  (310) 860-0770
Facsimile Number:  (310) 860-0771

Attorneys for Plaintiff,
ELIZABETH MCCLENEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CLAIFORNIA

| | |
|---|---|
| ELIZABETH MCCLENEY,<br><br>    Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC., a corporation, WYNDHAM WORLDWIDE OPERATIONS, INC., a corporation, CARA GODFREY, an individual, ASHLEY HANNOLD, an individual, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.:  2:22-cv-01927-FLA-SK<br><br>**The Honorable Fernando L. Aenlle-Rocha**<br><br>**PLAINTIFF ELIZABETH MCCLENEY'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>**(2) HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA;**<br><br>**(3) RETALIATION IN VIOLATION OF THE FEHA;**<br><br>**(4) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA;**<br><br>**(5) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br><br>**(6) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF** |

FEHA;

(7) **BREACH OF EXPRESS ORAL CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;**

(8) **BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;**

(9) **NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**

(10) **WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

(11) **VIOLATION OF LABOR CODE § 1102.5;**

(12) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

(13) **VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT ("CFRA"); and**

(14) **RETALIATION IN VIOLATION OF CFRA**

**DEMAND FOR JURY TRIAL**

# TABLE OF CONTENTS

**Page**

SUMMARY ................................................................................................. 1

PARTIES ................................................................................................... 1

VENUE ...................................................................................................... 3

FACTS COMMON TO ALL CAUSES OF ACTION ............................... 4

FIRST CAUSE OF ACTION ..................................................................... 7

    Discrimination on the Bases of Disability and/or Medical Condition (Cancer/Genetic Characteristic)  (Government Code § 12900, *et seq.*) Against All Defendants; and Does 1 to 100, Inclusive ................................................. 7

SECOND CAUSE OF ACTION ................................................................. 8

    Hostile Work Environment Harassment on the Bases of Disability and/or Medical Condition (Government Code § 12900, *et seq.*) Against All Defendants; and Does 1 to 100, Inclusive ................................................. 8

THIRD CAUSE OF ACTION ..................................................................... 9

    Retaliation for Engaging in Protected Activity  (Government Code § 12900, *et seq.*) Against All Defendants; and Does 1 to 100, Inclusive ................................. 9

FOURTH CAUSE OF ACTION ................................................................. 11

    Failure to Provide Reasonable Accommodation (Government Code § 12940(a), (i), (m), (n)) Against Entity Defendants; and Does 1 to 100, Inclusive ................................................................................................. 11

FIFTH CAUSE OF ACTION ..................................................................... 12

    Failure to Engage in Interactive Process (Government Code § 12940(a), (i), (m), (n)) Against Entity Defendants; and Does 1 to 100, Inclusive ........................ 12

SIXTH CAUSE OF ACTION ..................................................................... 13

    Failure to Prevent Discrimination, Harassment, and Retaliation (Government Code § 12900, *et seq.*) Against All Defendants; and Does 1 to 100, Inclusive ...... 13

SEVENTH CAUSE OF ACTION ............................................................... 14

    Breach of Express Oral Contract Not to Terminate Employment Without Good Cause (*Marvin v. Marvin* (1976) 18 Cal.3d 660) Against All Defendants; and Does 1 to 100, Inclusive ................................................. 14

EIGHTH CAUSE OF ACTION ................................................................... 15

    Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622) Against All Defendants; and Does 1 to 100, Inclusive ........... 15

NINTH CAUSE OF ACTION .......................................................................................... 15

   Negligent Hiring, Supervision, and Retention (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038) Against All Defendants; and Does 1 to 100, Inclusive ............. 15

TENTH CAUSE OF ACTION .......................................................................................... 16

   Wrongful Termination of Employment in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167) Against All Defendants; and Does 1 to 100, Inclusive .................................................................................................... 16

ELEVENTH CAUSE OF ACTION ................................................................................... 17

   Whistleblower Retaliation (Labor Code § 1102.5, *et seq.*) Against All Defendants; and Does 1 to 100, Inclusive ........................................................... 17

TWELFTH CAUSE OF ACTION..................................................................................... 18

   Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035) Against All Defendants; and Does 1 to 100, Inclusive ................................. 18

THIRTEENTH CAUSE OF ACTION .............................................................................. 19

   Violation of California Family Rights Act ("CFRA")  (Government Code §§ 12945.1-12945.2) Against All Defendants; and Does 1 to 100, Inclusive......... 19

FOURTEENTH CAUSE OF ACTION ............................................................................. 20

   Retaliation in Violation of CFRA (Government Code §§ 12945.1-12945.2) Against Entity Defendants; and Does 1 to 100, Inclusive......................................... 20

PRAYER ......................................................................................................................... 21

# TABLE OF AUTHORITIES

**Page**

## Cases

*Brown v. Superior Court* (1984) 37 Cal.3d 477 ............... 3

*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038 ............... 15

*Hughes v. Pair* (2009) 46 Cal.4th 1035 ............... 17

*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603 ............... 14

*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921 ............... 3

*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 ............... 15

## Statutes

Civil Code § 1622 ............... 14

Civil Code § 3294 ............... 1, 5, 6

Code of Civil Procedure § 1021.5 ............... 1, 16

Code of Civil Procedure § 1032 ............... 16

Code of Civil Procedure § 3291 ............... 1

Code of Civil Procedure § 474 ............... 2

Government Code § 72055 ............... 20

Government Code §§ 12900-12996 ............... passim

Government Code §§ 12945.1-12945.2 ............... 18, 19

Labor Code § 1102.5 ............... 1, 16, 17

Plaintiff, Elizabeth McCleney, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Elizabeth McCleney ("plaintiff" or "McCleney"), whose employment with defendant Wyndham Vacation Ownership, Inc. and defendant Wyndham Worldwide Operations, Inc. (collectively "Wyndham" or "entity defendants") and defendant Cara Godfrey ("Godfrey") and defendant Ashley Hannold ("Hannold") (all encompassing "defendants") was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b), Labor Code section 1102.5 (j), and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff McCleney is, and at all times mentioned in this Complaint was, a resident of the County of Santa Barbara, California.

2. *Defendants:* Entity Defendants are, and at all times mentioned in this Complaint were, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Santa Barbara. Defendants' place of business, where the following causes of action took place, was and is in the County of Santa Barbara, at 280 Alisal Road, Solvang, California 93463. Defendant Godfrey is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Godfrey is, and at all times mentioned in this Complaint was, a resident of Santa Barbara County, California. Defendant Hannold is, and at all times mentioned was, a supervisor with defendants. Defendant Hannold is, and at all times mentioned in this Complaint was, a resident of California.

PLAINTIFF'S FIRST AMENDEDCOMPLAINT FOR DAMAGES

3.   *Doe defendants:*   Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474.   Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4.   *Relationship of defendants:*   All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i).   All defendants were responsible for the events and damages alleged herein, including on the following bases:   (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another.   Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist.   Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice.   All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5.   Defendants both directly and indirectly employed plaintiff McCleney, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6.   In addition, defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7.   Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

8.   The actions at issue in this case occurred in the State of California, in the County of Santa Barbara.  Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained . . . or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any of these counties, an action may be brought within the county of the defendant's residence or principal office . . .

(California Government Code § 12965(b).)

9.   Here, the plaintiff worked primarily in California in the County of Santa Barbara. The location where plaintiff worked was located in Solvang, California. Solvang is located in Santa Barbara County, California. The majority of the unlawful actions on the part of the defendants occurred at said Solvang location.

10.  "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the

FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id*. at 487.)

## FACTS COMMON TO ALL CAUSES OF ACTION

11.   *Plaintiff's hiring and job performance:*   Defendants hired McCleney as a Housekeeping Supervisor on or around July 13, 2013. McCleney worked competently and diligently in her position making $19.85 per hour until her termination.

12.   *Plaintiff's protected status and activity:*

13.   Plaintiff had a disability;

14.   Plaintiff had a medical condition (cancer/genetic characteristic);

15.   Plaintiff took protected leave; and

16.   Plaintiff engaged in protected activity, including but not limited to asking for a reasonable accommodation and/or making good-faith complaints regarding what McCleney believed to be unlawful practices.

17.   *Defendants' adverse employment actions and behavior:*

18.   On or around late-2018, McCleney was diagnosed with cancer and immediately disclosed the diagnosis to Godfrey and Hill.

19.   On or around February of 2019 to September 10, 2019, McCleney took medical leave for cancer treatments and associated recovery. During McCleney's medical leave, Godfrey notified McCleney that, upon McCleney returning, she would be a Housekeeper, instead of a Housekeeping Supervisor. Godfrey further told McCleney that she could not have any restrictions upon returning. When McCleney questioned whether she truly could not return to work without restrictions and whether she could be demoted to Housekeeper, Godfrey responded it was "standard" and "that's what [Human Resources] said."

20.   At the time, McCleney believed this to be against Defendants internal policies, at a minimum, because she observed other employees receive workplace modifications and/or return without facing demotion.

21.   Throughout this period, Hannold was the Human Resource Manager for, at least,

Godfrey and Cara Godfrey's team. Additionally, Hannold was either the decision-maker or ratified the decisions in the accommodations process and McCleney's employment status throughout her medical leave, which knowledge of McCleney's protected status. Based upon McCleney's observations of other employees' accommodations request, McCleney knew that Godfrey was required to have any medical leave or accommodations issues approved by the Human Resources Manager, who—at the time—was Hannold.

22.    Shortly thereafter, McCleney saw the Housekeeping Supervisor position open for applications online and McCleney applied. McCleney informed Godfrey that she had applied for the position, Godfrey responded, "I don't even know why you want to come back." To which McCleney stated that she needed the income and insurance.

23.    On or around September 11, 2019, McCleney returned to work, but defendants required her to be a Housekeeper and not Housekeeping Supervisor. McCleney did not have work restrictions, but the Housekeeper position required substantially greater physical labor than the Housekeeping Supervisor role.

24.    Following McCleney's return to work, McCleney spoke with Hannold regarding withholdings from McCleney's paycheck. Hannold offered no support regarding the pay issue and responded in a dismissive manner. In this interaction, McCleney further expressed to Hannold that her employment was important so she could maintain an income and receive insurance because of her ongoing treatments for her medical condition.

25.    On or around March 16, 2020, McCleney's doctor instructed McCleney to stay at home because she was especially at-risk of COVID-19. At the time, McCleney had still be going into work. Shortly thereafter, McCleney informed Godfrey of her doctor's instruction, stating, "My doctor doesn't want me working because of my underlying conditions." Godfrey rolled her eyes at McCleney and did not respond. Then, McCleney went home, believing that there was no way that she could work without some type of job modification, such as better isolated working conditions.

26.    *Defendants' termination of plaintiff's employment:*

27.    On or around April 15, 2020, Godfrey and Hannold called McCleney, who stated,

"We are sorry to do this, but due to what's going on we have to terminate seven people[, including McCleney], and that [McCleney] could not reapply." McCleney asked why she could not re-apply, to which Hannold did not directly respond and reiterated that McCleney could not re-apply.

28.    Defendants attempted to force a $3,600.00 severance on McCleney, but she refused.

27.    *Economic damages:*    As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

28.    *Non-economic damages:*    As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

29.    *Punitive damages:*    Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

30.    *Malice:*    Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

31.    *Oppression:*    In addition, and/or alternatively, defendants' conduct was

committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

32.  *Fraud:*  In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive her of legal rights.

33.  *Attorneys' fees:*  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

34.  *Exhaustion of administrative remedies:*  Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

**FIRST CAUSE OF ACTION**

**Discrimination on the Bases of Disability and/or Medical**

**Condition (Cancer/Genetic Characteristic)**

**(Government Code § 12900, *et seq.*)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

35.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

36.  At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defen-

dants to refrain from discriminating against any employee because but not limited to he or she has a disability, medical condition (cancer/genetic characteristic), and/or other protected characteristics.

37.  Plaintiff's disability, medical condition (cancer/genetic characteristic), and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

38.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

39.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

40.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

41.  Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## SECOND CAUSE OF ACTION

### Hostile Work Environment Harassment on the Bases of Disability and/or Medical Condition (Government Code § 12900, *et seq.*)

### Against All Defendants; and Does 1 to 100, Inclusive

42.  The allegations set forth in preceding paragraphs are re-alleged and incorporated

herein by reference.

43.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from harassing any employee because he or she has a disability, medical condition (cancer/genetic characteristic), and/or other protected characteristics.

44.   Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the basis of plaintiff's disability, medical condition (cancer/genetic characteristic), and/or other protected characteristics, in violation of Government Code sections 12940(j) and 12923.

45.   Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

46.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

47.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

48.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

49.   Defendants' harassment was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## THIRD CAUSE OF ACTION

## <u>Retaliation for Engaging in Protected Activity</u>

## (Government Code § 12900, *et seq.*)

### Against Entity Defendants; and Does 1 to 100, Inclusive

50.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

51.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from retaliating against any employee making complaints or opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for seeking to exercise rights guaranteed under FEHA and/or assisting and/or participating in an investigation, opposing defendants' failure to provide rights, including rights to complain and to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

52.   Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

53.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

54.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

55.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

56.    Defendants' retaliation was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation

### (Government Code § 12940(a), (i), (m), (n))

**Against Entity Defendants; and Does 1 to 100, Inclusive**

57.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

58.    At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

59.    Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability.  Defendants used plaintiff's disability and her need to take medical leave as an excuse for terminating plaintiff's employment.

60.    Plaintiff believes and on that basis alleges that her disability and the need to accommodate her disability were substantial motivating factors in defendants' termination of her employment.

61.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

62.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

63.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

64.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive and fraudulent manner, entitling plaintiff to punitive damages against defendants.

### FIFTH CAUSE OF ACTION
### Failure to Engage in Interactive Process
### (Government Code § 12940(a), (i), (m), (n))
### Against Entity Defendants; and Does 1 to 100, Inclusive

65.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

66.    At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees.  Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

67.    Defendants wholly failed to engage in a timely, good-faith interactive process with plaintiff to accommodate her known disabilities.  Instead, defendants terminated plaintiff's employment in part because of her disabilities.

68.    Plaintiff believes and on that basis alleges that her disability was a motivating factor in defendants' termination of her employment.

69.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

70.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and

physical and mental pain and anguish, all to his damage in a sum according to proof.

71.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

72.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive and fraudulent manner, entitling plaintiff to punitive damages against defendants.

**SIXTH CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, and**

**Retaliation (Government Code § 12900, _et seq._)**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

73.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

74.    At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

75.    During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of plaintiff's age, race, color, ancestry, and/or national origin, and/or or because plaintiff had engaged in protected activity.

76.    Plaintiff believes that her was subjected to discrimination, harassment and retaliation because of her age, race, color, ancestry, national origin, and/or protected activity.

77.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiffs have sustained and continue to sustain substantial losses of earnings and other employment benefits.

78. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

79. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

80. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, entitling plaintiff to punitive damages against defendants.

## SEVENTH CAUSE OF ACTION

### Breach of Express Oral Contract Not to Terminate Employment Without Good Cause

### (*Marvin v. Marvin* (1976) 18 Cal.3d 660)

### Against Entity Defendants; and Does 1 to 100, Inclusive

81. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

82. Defendants, through their agents, entered an oral agreement not to terminate plaintiff's employment except for good cause. Plaintiff and defendants, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

83. Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the express oral contract they had with her.

84. As a proximate result of defendants' willful breach of the express oral contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## EIGHTH CAUSE OF ACTION

### Breach of Implied-in-Fact Contract Not to

### Terminate Employment Without Good Cause

### (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th

### 603; Civil Code § 1622)

### Against Entity Defendants; and Does 1 to 100, Inclusive

85.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

86.   On the basis of oral assurances of continued employment given to plaintiff by defendants' supervisors, the length of plaintiff's employment with defendants, defendants' actual practice of terminating employment only for cause, and the industry standard for the business defendants engaged in of terminating employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's employment could and would be terminated only for cause.  This shared understanding resulted in an implied contract requiring that defendants have good cause to terminate plaintiff's employment.

87.   Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.
As a proximate result of defendants' willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.


## NINTH CAUSE OF ACTION

### Negligent Hiring, Supervision, and Retention

### (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038)

### Against Entity Defendants; and Does 1 to 100, Inclusive

88.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

89.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise

persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

90. Defendants breached these duties. As a result, defendants caused damages to plaintiff. As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

## TENTH CAUSE OF ACTION
### Wrongful Termination of Employment in Violation
### of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27
### Cal.3d 167)
#### Against Entity Defendants; and Does 1 to 100, Inclusive

91. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

92. Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of her protected status (*i.e.,* age, race, color, national origin, ancestry, and/or protected activity). These actions were in violation of, but not limited to, the FEHA, the California Constitution, Government Code section 12900, et seq., and California Labor Code section 1102.5.

93. As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

94.   As a result of defendants' wrongful termination of her employment, plaintiff has suffered general and special damages in sums according to proof.

95.   Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages.

96.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

### Whistleblower Retaliation

### (Labor Code § 1102.5, *et seq.*)

### Against Entity Defendants; and Does 1 to 100, Inclusive

97.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

98.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants.  This statute prohibits defendants from retaliating against any employee, including plaintiff, for actually raising complaints of actual or potential illegality, for providing information of such actual or potential illegality, because the employee is believed to have engaged in such conduct, or because the employee may engage in such conduct.  The statute also further prohibits defendants from retaliating against any employee, including plaintiff, where the employee refused to participate in activity that would result in a violation of the law.

99.   Plaintiff raised complaints of potential illegality while her worked for defendants, and defendants retaliated against her by taking adverse employment actions, including employment termination, against her.

100.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation,

emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

101.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

102.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**TWELFTH CAUSE OF ACTION**

**<u>Intentional Infliction of Emotional Distress</u>**

**(<u>*Hughes v. Pair* (2009) 46 Cal.4th 1035</u>)**

**Against All Defendants; and Does 1 to 100, Inclusive**

103.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

104.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted extreme and outrageous misconduct and caused plaintiff severe emotional distress. Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood, would devastate plaintiff and cause her extreme hardship.

105.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

106.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

107.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages

against defendants

## THIRTEENTH CAUSE OF ACTION

### Violation of California Family Rights Act ("CFRA")

### (Government Code §§ 12945.1-12945.2)

### Against Entity Defendants; and Does 1 to 100, Inclusive

108.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

109.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from discriminating against any employee because but not limited to he or she has taken CFRA leave.

110.   Plaintiff's taking CFRA leave was a substantial motivating reason in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

111.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

112.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

113.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

114. Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

# FOURTEENTH CAUSE OF ACTION

## **Retaliation in Violation of CFRA**

## **(Government Code §§ 12945.1-12945.2)**

## **Against Entity Defendants; and Does 1 to 100, Inclusive**

115.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

116.   At all times herein mentioned, FEHA, Government Code section 12940, et seq., was in full force and effect and was binding on defendants. This statute requires defen-dants to refrain from discriminating against any employee because but not limited to he or she has requested CFRA leave.

117.   Plaintiff's requesting CFRA leave was a substantial motivating reason in defen-dants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise em-ploy plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

118.   As a proximate result of defendants' willful, knowing, and intentional discrimi-nation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

119.   As a proximate result of defendants' willful, knowing, and intentional discrimi-nation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emo-tional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

120.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reason-able attorneys' fees and costs (including expert costs) in an amount according to proof.

121.   Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## PRAYER

WHEREFORE, plaintiff, McCleney, prays for judgment against defendants as follows:

1.  For general and special damages according to proof;

2.  For exemplary damages, according to proof;

3.  For pre-judgment and post-judgment interest on all damages awarded;

4.  For reasonable attorneys' fees;

5.  For costs of suit incurred;

6.  For such other and further relief as the Court may deem just and proper;

7.  For declaratory relief.

ADDITIONALLY, plaintiff, McCleney, demands trial of this matter by jury.  The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated:  April 25, 2022                SHEGERIAN & ASSOCIATES, INC.

                                      By: _____
                                          Anthony Nguyen, Esq.

                                          Attorneys for Plaintiff,
                                          ELIZABETH MCCLENEY

MCCLENEY v. WYNDHAM VACATION OWNERSHIP, INC., et al.      USDC CASE NO.: 1:22-cv-01927-FLA-SK

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Blvd., Los Angeles, California 90049.

On April 25, 2022, I served the foregoing document, described as **"PLAINTIFF ELIZABETH MCCLENEY'S NOTICE OF LODGING REDLINED [PROPOSED] FIRST AMENDED COMPLAINT IN SUPPORT OF MOTION TO AMEND HER COMPLAINT PURSUANT TO FRCP RULE 15(a)(2)"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Gregory S. Glazer**
**gglazer@hkemploymentlaw.com**
**Alia L. Chaib**
**Achaib@hkemploymentlaw.com**
**HIRSCHFELD KRAEMER LLP**
**233 Wilshire Boulevard, Suite 600**
**Santa Monica. CA 90401**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒    **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 25, 2022, at Los Angeles, California.

_____
Michelle Hemer