JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MCCLENEY,<br><br>              Plaintiff,<br><br>    v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., a corporation et al.,<br><br>              Defendants. | Case No. 2:22-cv-01927-FLA (SKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MOTION TO REMAND [DKTS. 11, 13]** |

## RULING

Before the court are Plaintiff Elizabeth McCleney's ("Plaintiff" or "McCleney") Motion to Amend Complaint, (Dkt. 13, "Motion to Amend" or "MTA"), and Motion to Remand, (Dkt. 11, "Motion to Remand" or "MTR"). Defendants Wyndham Vacation Ownership, Inc. ("WVO"), Wyndham Worldwide Operations, Inc. ("WWO"), and Cara Godfrey ("Godfrey," and collectively, "Defendants") oppose both Motions. *See* Dkt. 20 ("Opp'n to MTR"); Dkt. 21 ("Opp'n to MTA"). Plaintiff filed replies. *See* Dkt. 22 ("Reply ISO MTA"); Dkt. 23 ("Reply ISO MTR"). The court found these matters appropriate for resolution without oral argument. Dkts. 25,

1

30; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS both Motions and REMANDS the action to the Santa Barbara County Superior Court, Case Number 22CV00636.

## **BACKGROUND**

On February 16, 2022, Plaintiff filed this action against Defendants in Santa Barbara County Superior Court.[1] Dkt. 1-5 at 3 ("Compl.").[2] Plaintiff alleges the following facts in the Complaint and her Proposed First Amended Complaint ("Prop. FAC," Dkt. 13-1, Ex. 1).[3]

Plaintiff was hired by Defendants WVO and WWO as a Housekeeping Supervisor in July 2014. Compl. ¶ 11. Plaintiff was diagnosed with cancer in late 2018 and took medical leave between February and September 2019 for cancer treatments and recovery. *Id.* ¶¶ 18-19. Upon her return in September 2019, Defendants subjected her to harassment and various adverse employment actions including demotion, retaliation, discrimination, and unlawful termination on the basis of her medical condition and disability. *See generally* Compl. Defendants terminated Plaintiff's employment on or around April 15, 2020,[4] and told her she could not reapply for future positions with Defendants. Prop. FAC ¶ 27(1).[5]

---

[1] Plaintiff additionally named Linda Hill ("Hill") as a Defendant in the Complaint. On April 19, 2022, Plaintiff dismissed Hill from the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Dkt. 9.

[2] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

[3] The allegations of the Complaint and Proposed FAC are stated herein solely to provide context and do not constitute factual findings by the court.

[4] The Complaint alleges Plaintiff was terminated in 202<u>1</u> (Compl. ¶ 24); however, this appears to be a typographical error as Plaintiff attests she was terminated in 202<u>0</u>. MTR at 23 (McCleney Decl.) ¶ 3.

[5] Plaintiff's Proposed FAC is misnumbered, such that two paragraphs bear the number 27. The court refers to the first paragraph numbered 27 in this citation.

Plaintiff asserts fourteen causes of action in the Complaint, including claims for harassment in violation of the California Fair Employment and Housing Act (the "FEHA") and Intentional Infliction of Emotional Distress ("IIED"). *See generally* Compl. On March 24, 2022, Defendants removed the action to federal court, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* Dkt. 1 (Notice of Removal, "NOR").

On April 25, 2022, Plaintiff filed a Motion to Amend to add a non-diverse Defendant, Ashley Hannold ("Hannold"), to the action. *See generally* MTA; *see also* Prop. FAC. On the same day, Plaintiff also filed a Motion to Remand, challenging Defendants' basis for removal. *See generally* MTR.

The Proposed FAC alleges Hannold and Godfrey were supervisors, with Hannold as the Human Resources Manager for Godfrey's team. Prop. FAC ¶¶ 2, 21. According to Plaintiff, Godfrey called her while she was out on medical leave and stated she would be demoted from Housekeeping Supervisor to Housekeeper when she returned to work. *Id.* ¶ 19. Godfrey also told Plaintiff she could not have any work restrictions upon her return. *Id.* When Plaintiff "questioned whether she truly could not return to work without restrictions and whether she could be demoted to Housekeeper, Godfrey responded it was 'standard' and 'that's what [Human Resources] said.'" *Id.* (brackets in original). Plaintiff later discovered an opening for the Housekeeping Supervisor position online and applied. *Id.* ¶ 22. When Plaintiff informed Godfrey of her application, Godfrey said "I don't even know why you want to come back." *Id.*

After Plaintiff returned from medical leave, she was required to work as a Housekeeper – a position that "required substantially greater physical labor than the Housekeeping Supervisor role." *Id.* ¶ 23. Plaintiff subsequently spoke with Hannold regarding withholdings from her paycheck, but Hannold "offered no support regarding the pay issue and responded in a dismissive manner." *Id.* ¶ 24.

///

In March 2020, Plaintiff's doctor told her to stay home because she was at high risk for contracting COVID-19. *Id.* ¶ 25. When Plaintiff informed Godfrey about her doctor's instruction, Godfrey "rolled her eyes" and did not respond. *Id.* Plaintiff went home "believing there was no way she could work without some type of job modification, such as better isolated working conditions." *Id.* On or around April 15, 2020, Godfrey and Hannold called Plaintiff and told her that "due to what's going on we have to terminate seven people," including Plaintiff. *Id.* ¶ 27(1). Godfrey and Hannold also told Plaintiff she could not reapply for her position. *Id.* When Plaintiff asked why she could not reapply, Hannold "did not directly respond and reiterated that Plaintiff could not re-apply." *Id.*

## MOTION TO AMEND

### I. Applicable Legal Standard

Plaintiff contends her Motion to Amend is governed by Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)"). MTA at 1-4. Motions for leave to amend are governed generally by Rule 15, if brought before the deadline to amend the pleadings. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Plaintiff's Proposed FAC, however, seeks to add a non-diverse party who would destroy the court's diversity jurisdiction over the action. *See* Opp'n to MTA at 8. Although the Ninth Circuit has not explicitly addressed this issue, district courts in this circuit have held that a motion to add a diversity-destroying party after removal is governed by 28 U.S.C. § 1447(e) ("Section 1447(e)"), rather than Rule 15(a). *Sagrero v. Bergen Shippers Corp.*, Case No. 2:22-cv-04535-SPG (RAOx), 2022 WL 4397527, at *2 (C.D. Cal. Sept. 23, 2022) ("Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." (internal quotation marks omitted)); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-88 (C.D. Cal. 1999) ("Rule 15(a) does not apply to allow permissive amendment destroying

4

diversity jurisdiction. … [A] district court must scrutinize an attempted diversity-destroying amendment to ensure that it is proper; in other words, § 1447(e) applies."). This court agrees that Section 1447(e) applies here instead of Rule 15(a)(2).

Section 1447(e) states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). "In this regard, the court has greater discretion in determining whether to allow an amendment to add a non-diverse party that would destroy existing, diversity jurisdiction, than it does under Rule 15." *Rosas v. NFI Indus.*, Case No. 2:21-cv-00046-WBS-CKD, 2021 WL 1264921, at *2 (E.D. Cal. Apr. 6, 2021) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)).

When deciding whether to permit amendment and joinder under Section 1447(e), courts consider factors including:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.

*Clinco*, 41 F. Supp. 2d at 1082. This list of factors is non-exclusive. *See Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (listing factors). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Sagrero*, 2022 WL 4397527, at *2 (quotation marks and citation omitted).

///

5

## II. Analysis

Defendants contend leave to amend should be denied because Plaintiff fails to plead valid claims against Hannold and her proposed amendment would be futile. Opp'n to MTA at 10-17. Specifically, Defendants argue Plaintiff seeks to destroy diversity because Hannold is a fraudulently joined sham defendant, Plaintiff's motion was unduly delayed, and Plaintiff knew of Hannold's involvement before seeking to add her as a party. Opp'n to MTA at 4-5; Opp'n to MTR at 6-7. Plaintiff contends she has proposed valid claims against Hannold as the decision-maker and/or for ratifying the adverse employment actions Plaintiff suffered. MTA at 5; Prop. FAC ¶ 21.

Although neither party specifically addresses the Section 1447(e) standard, a review of the factors weighs in favor of granting Plaintiff's Motion to Amend and permitting joinder. *See White v. Lowe's Home Centers, LLC*, No. 2:21-cv-06829-MCS (RAOx), 2021 WL 8445827, at *2 (C.D. Cal. Dec. 28, 2021) (applying the Section 1447(e) factors to motion for leave to amend and motion to remand although "neither party couch[ed] their arguments in terms of these factors[.]")

    i.    Necessary Party

Federal Rule of Civil Procedure 19(a) ("Rule 19(a)") provides that joinder is required if, in the absence of the person, "the court cannot accord complete relief among the parties" or if that person "claims an interest relating to the subject of the action and is so situated" that proceeding without the person would "impair the person's ability to protect the interest," thus leaving that party susceptible to multiple, or inconsistent obligations. Fed. R. Civ. P. 19(a). "Although courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under [Section] 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011-12. This standard may be met when failure to join will lead to separate and redundant actions. *Id.* at 1011 (citing to *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910 (9th Cir. 1991)). Courts

have disallowed joinder of non-diverse defendants "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012.

Plaintiff's Proposed FAC seeks the same relief from Hannold that she is already seeking from currently named Defendants. Moreover, the allegations indicate Hannold is more than tangentially related to Plaintiff's claims. As alleged, Hannold was a supervisor and Human Resource Manager, and directly involved in the acts giving rise to Plaintiff's claims. Prop. FAC ¶¶ 21, 24, 27(1); *see Stout v. Int'l Bus. Machines Corp.*, Case No. 2:16-cv-04914-FMO (AJWx), 2016 WL 4528958, at *6 (C.D. Cal. Aug. 30, 2016) (finding this factor weighed in favor of joinder, recognizing non-diverse supervisor may be personally liable for workplace harassment under FEHA and "at the very least" the non-diverse supervisor was "highly involved" in plaintiff's claims). Additionally, denying joinder of Hannold may to lead to a separate and redundant action. *See Sagrero*, 2022 WL 4397527, at *3.

ii. <u>Statute of Limitations</u>

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." *Murphy*, 74 F. Supp. 3d at 1284. Neither party addresses whether the statute of limitations would bar Plaintiff's workplace harassment claim. However, Plaintiff faces a statute of limitations challenge to her IIED claim. *See* Opp'n to MTA at 10-11. Both parties addressed this issue at length, in the context of whether Plaintiff's amendment would be futile under Rule 15. *See id.*; Opp'n to MTR at 7; Reply ISO MTA at 7; Reply ISO MTR at 6-7.

Under California law, IIED claims must be brought within two years. Cal. Code Civ. Proc. § 335.1. Plaintiff filed her original Complaint in state court on February 16, 2022. *See generally* Compl. Defendants removed this action on March 24, 2022. *See generally* NOR. Plaintiff filed her Motion to Amend, lodging her

7

1  Proposed FAC, on April 25, 2022.  *See generally* MTA, Prop. FAC.  Defendants
2  argue Plaintiff's amendment is futile as to her IIED claim because the statute of
3  limitations expired on April 3, 2022.  Opp'n to MTA at 10; Opp'n to MTR at 7.
4  Plaintiff contends the IIED claim against Hannold is not time barred, as it relates-back
5  to the date of her original Complaint.  Reply ISO MTR 6-7.

6        For purposes of analyzing a statute of limitations challenge under Section
7  1447(e), the relevant question is whether Plaintiff could file a separate lawsuit in state
8  court against Hannold.  *See Murphy*, 74 F. Supp. 3d at 1284 ("a finding that the statute
9  of limitations would preclude the filing of a *new, separate action* against a party
10 whose joinder has been denied in the federal proceeding, may warrant remand."
11 (emphasis added)).  Here, assuming the statute of limitations on Plaintiff's IIED claim
12 expired on April 3, 2022, Plaintiff would be precluded from filing a new, separate
13 action against Hannold in state court.

14       iii.      <u>Timeliness in Seeking Joinder</u>

15       Defendants argue Plaintiff delayed in bringing the instant motions and acted in
16 bad faith because her Motion to Amend was filed "more than two months after she
17 filed her Complaint."  Opp'n to MTA at 3.  Even if the court were to measure
18 Plaintiff's delay from the time of filing her original Complaint, and not from the time
19 of Defendant's removal, two months is not unreasonable.  *See, e.g.*, *Sagrero*, 2022
20 WL 4397527, at *3 (C.D. Cal. Sept. 23, 2022) (finding Plaintiff's motion for leave to
21 amend complaint filed two months after commencing action was not untimely);
22 *Krantz v. Bloomberg L.P.*, Case No. 2:21-cv-06275-ABR (AOx), 2022 WL 2101913,
23 at *5 (C.D. Cal. Feb. 3, 2022) (finding motion to amend filed four months after matter
24 was removed was not unreasonably delayed).

25       Defendants also argue Plaintiff knew of Hannold's involvement at the time she
26 filed her original Complaint because "Ashley (Unknown)" was listed as a co-
27 respondent on a complaint Plaintiff filed with California's Department of Fair
28 Employment and Housing ("DFEH").  Opp'n to MTA at 3; Dkt. 21-1, Decl. of Alia L.

Chaib ¶ 2. Plaintiff responds she only "recently recalled" Hannold's factual involvement, MTA at 2, and "[s]ubsequent to the removal," "discovered a phone number that allowed her to confirm Hannold's identity" and to recall "the extent of Hannold's involvement." Reply ISO MTA at 3. Once this information was discovered, Plaintiff informed Defendants of her intent to assert claims against Hannold, and thereafter filed the instant motions. *Id.* Plaintiff's explanation is reasonable. Listing "Ashley (Unknown)" as a co-respondent on her administrative complaint tends to support Plaintiff's argument that she only recently discovered Hannold's identity. *See, e.g.*, *Sagrero*, 2022 WL 4397527, at *3 (finding Plaintiff's explanation "sufficiently persuasive" that she recently discovered the correct names of added parties).

      iv.      <u>Motive for Joinder</u>

As stated, Defendants argue Plaintiff seeks amendment only to destroy diversity. Opp'n to MTA at 4-5; Opp'n to MTR at 6-7. However, there is a "general presumption against fraudulent joinder" and defendants, who assert that a party is fraudulently joined, carry a "heavy burden." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

Defendants must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). It is not enough to show that a plaintiff is unlikely to prevail on her claim; a defendant must show by clear and convincing evidence that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter*, 582 F.3d at 1046); *Hamilton Materials*, 494 F.3d at 1206; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a [fraudulent] defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the

|   |   |
|---|---|
| 1 | plaintiff's favor, the plaintiff could not possibly recover against the party whose |
| 2 | joinder is questioned."); *Marin v. FCA US LLC*, Case No. 2:21-cv-04067-AB (PDx), |
| 3 | 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021) ("In determining whether a |
| 4 | defendant was fraudulently joined, the Court need only make a summary assessment |
| 5 | of whether there is any possibility that the plaintiff can state a claim against the |
| 6 | defendant."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is |
| 7 | sufficient to preclude application of [the] fraudulent joinder doctrine." *Id.* (quoting |
| 8 | *Gonzalez v. J.S. Paluch Co.*, Case No. 2:12-cv-08696-DDP (FMOx), 2013 WL |
| 9 | 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in |
| 10 | original)). |
| 11 | The Ninth Circuit has instructed courts to "look with particular care" at the |
| 12 | motive of a plaintiff in joining a non-diverse defendant. *Desert Empire Bank v. Ins.* |
| 13 | *Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Nonetheless, "suspicion of |
| 14 | diversity destroying amendments is not as important now that § 1447(e) gives courts |
| 15 | more flexibility in dealing with the addition of such defendants." *IBC Aviation Servs.*, |
| 16 | 125 F. Supp. 2d at 1012. |
| 17 | Here, Defendants have not met their heavy burden to defeat the general |
| 18 | presumption against fraudulent joinder. *See Hamilton Materials, Inc.*, 494 F.3d at |
| 19 | 1206 (9th Cir. 2007). As the court addresses below (*infra* Section II.v.), there is a |
| 20 | possibility Plaintiff can establish a claim against Hannold. Additionally, although it is |
| 21 | strategically convenient for Plaintiff to assert now a claim against a non-diverse party |
| 22 | following removal, this does not necessarily mean Plaintiff's motive is merely to |
| 23 | destroy diversity. *See Akmal v. Walgreens Co.*, Case No. 1:20-cv-01015-DAD-SKO, |
| 24 | 2022 WL 358427, at *4 (E.D. Cal. Feb. 7, 2022) ("Although arguably raising some |
| 25 | suspicion here, the court will not impute an improper motive simply because plaintiff |
| 26 | is now seeking leave to amend to add a non-diverse defendant.") |
| 27 | / / / |
| 28 | / / / |

v.  Validity of Claims

"To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility." *Dordoni v. FCA US LLC*, Case No. 5:20-cv-01475-JGB (SHKx), 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020). "Instead, 'under section 1447(e), the Court need only determine whether the claim "seems" valid.'" *Id.* (citation omitted). This is "not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, Case No. 2:16-cv-06639-CAS (RAOx), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016).

Many courts in this district have applied the fraudulent joinder analysis. *See Marin v. FCA US LLC*, Case No. 2:21-cv-04067-AB (PDx), 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021) (applying fraudulent joinder doctrine to determine validity of claims in assessing Section 1447(e)); *Kelly v. SMG Holdings, Inc.*, Case No. 2:14-cv-08306-MMM (PLAx), 2015 WL 13652713, at *3 (C.D. Cal. Mar. 9, 2015) (collecting cases); *see also Kahlenberg v. Bamboo Ins. Servs., Inc.*, Case No. 2:20-cv-06805-FLA (PDx), 2021 WL 2433796, at *5 (C.D. Cal. June 15, 2021) (weighing the Section 1447(e) factors and finding plaintiff had "demonstrated she does not seek to join [the non-diverse defendant] as merely a sham defendant for tactical purposes" and "has at least a facially valid claim against" the non-diverse party).

Here, Plaintiff seeks to assert claims against Hannold for: (1) harassment under the FEHA; and (2) IIED. Prop. FAC ¶¶ 42-49, 103-07. The court addresses each in turn.

**a.  Harassment**

The FEHA prohibits the harassment of an employee based on protected characteristics including, inter alia: race, religious creed, color, national origin, ancestry, physical disability, and medical condition. Cal. Gov't Code § 12940(j)(1) ("Section 12940(j)(1)"). "[T]he harassment complained of must be 'sufficiently pervasive so as to alter the conditions of employment and create an abusive working

environment….." *Aguilar v. Avis Rent a Car System, Inc.*, 21 Cal. 4th 121, 130 (1999). "To establish a claim for harassment, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).

An employer may be held liable for harassment under the FEHA "if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action." Cal. Gov't Code § 12940(j)(1). "An employee … is personally liable for any harassment prohibited by this section that is perpetrated by the employee…." *Id.* § 12940(j)(3); *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 711 (2009) (affirming jury verdict against individual supervisor for harassment under FEHA).

"Although discrimination and harassment are separate wrongs, they are sometimes closely interrelated, and even overlapping, particularly with regard to proof." *Id.* "[S]ome official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message" and "[t]his occurs when the actions establish a widespread pattern of bias." *Id.* at 709. "[H]arassment refers to bias that is expressed or communicated through interpersonal relations in the workplace" and "is generally concerned with the *message conveyed* to an employee, and therefore with the social environment of the workplace[.]" *Id.* at 707-08 (emphasis in original).

Among other things, Defendants argue Plaintiff's cause of action for harassment fails because her allegations reflect only personnel management actions, which do not qualify as harassment. However, *Roby* expressly acknowledged that personnel management decisions can be evidence of harassment when they are used as the means to communicate a harassing message or create a hostile work environment. *See Roby*, 47 Cal. 4th at 708. Accordingly, it is possible for Plaintiff to assert a claim

12

for harassment under FEHA against Hannold, even as a supervisor. *See id.; Woodrum v. Automatic Data Processing Inc.*, Case No. 8:17-cv-02264-DOC (ASx), 2018 WL 2150945, at *6 (C.D. Cal. May 9, 2018) (finding no fraudulent joinder and noting "Plaintiff may pursue a FEHA harassment claim against [non-diverse supervisor] and rely on evidence about personnel management actions taken … if those actions entailed communication of a hostile and harassing message.")

Next, taking Plaintiff's Proposed FAC as a whole, the conduct attributed to Hannold may indicate a potential pattern of bias "which casts [Hannold's conduct] in a more sinister light." *See Negrete v. Meadowbrook Meat Co.*, Case No. 5:11-cv-01861-DOC (DTBx), 2012 WL 254039, at *8 (C.D. Cal. Jan. 25, 2012) (considering defendant's argument focusing only on non-diverse party's comments to be "myopic reading" of Plaintiff's complaint, and finding proposed first amended complaint alleged "several acts that, read liberally, can be attributed to [non-diverse party] and can form a pattern of conduct which casts [non-diverse party's] comments in a more sinister light").

Specifically, the Proposed FAC alleges Plaintiff was demoted, denied reasonable accommodations, and eventually terminated after she was diagnosed with cancer and went on medical leave. Prop. FAC ¶¶ 12-28. Plaintiff alleges Hannold either decided or ratified these employment actions while having knowledge of Plaintiff's protected status. Prop. FAC ¶¶ 21-27(1). Additionally, Plaintiff alleges others received workplace accommodations—supporting the inference that Hannold's decision not to accommodate and to demote Plaintiff was not "standard." *See id.* ¶ 20. Further, Hannold was allegedly dismissive of Plaintiff when she inquired about paycheck withholdings, and ultimately terminated Plaintiff and told her she could not reapply for the position. *Id.* ¶¶ 24, 27(1). The court finds these allegations of workplace harassment sufficient to meet the applicable standard for joinder. *See Dordoni*, 2020 WL 6082132, at *5 ("To state a facially viable claim for purposes of

1  joinder under section 1447(e), a plaintiff need not allege a claim with particularity or
2  even plausibility.")

3       Finally, whether Hannold's conduct was sufficiently severe to create a hostile
4  work environment is "generally a question of fact reserved for the jury." *Woodrum*,
5  2018 WL 2150945, at *6 ("whether an action is harassing as opposed to necessary and
6  within the scope of employment is generally a question of fact reserved for the jury."
7  (citation omitted)). Indeed, whether a workplace environment may be considered
8  hostile or abusive "can be determined only by looking at all the circumstances [which]
9  may include the frequency of the discriminatory conduct; its severity; whether it is
10 physically threatening or humiliating, or a mere offensive utterance; and whether it
11 unreasonably interferes with an employee's work performance." *Miller v. Department*
12 *of Corrections*, 36 Cal.4th 446, 462 (2005) (holding there was a triable issue of fact
13 precluding summary judgment as to whether a hostile work environment existed)).
14 These are fact intensive inquiries.

15       Defendants have not shown there is no possibility Plaintiff could recover
16 against Hannold under the FEHA based on the current pleading or an amended
17 pleading. *See Grancare*, 889 F.3d at 548; *Hamilton Materials*, 494 F.3d at 1206;
18 *Padilla*, 697 F. Supp. 2d at 1159-60.

19       **b.**    **IIED**

20       IIED is a tort comprised of three elements: "(1) extreme and outrageous
21 conduct by the defendant with the intention of causing, or reckless disregard of the
22 probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme
23 emotional distress; and (3) the plaintiff's injuries were actually and proximately
24 caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App.
25 4th 488, 494 (1998).

26       California courts have held that "except where a statutory exception applies, an
27 employee or former employee cannot sue other employees based on their conduct
28 relating to personnel actions." *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 342

(1998). Cal. Gov't Code § 12940(j)(1) provides a statutory basis for holding individual employees liable for harassment. "In fact, courts ordinarily find IIED claims based on workplace harassment or discrimination viable even where asserted against individual supervisors." *Martinez v. Michaels*, Case No. 2:15-cv-02104-MMM (Ex), 2015 WL 4337059, at *9 (C.D. Cal. July 15, 2015) (collecting cases); *Wason v. Am. Int'l Grp.*, Case No. 3:09-cv-02752-LAB-CAB, 2010 WL 1881067, at *8 (S.D. Cal. May 6, 2010) (concluding a supervisor was not a sham defendant and remanding where "[a]ccepting the allegations as true, a state court or jury could conclude [a supervisor] for reasons of her own callously or at least negligently caused [the plaintiff] to unintentionally resign her job and lose her benefits at a time [the supervisor] would have reason to know she would be particularly vulnerable, and which actually caused her severe emotional distress.")

Here, Plaintiff's IIED claim is based on "defendants' discriminatory, harassing, and retaliatory actions" which, as alleged, constituted "extreme and outrageous misconduct" causing Plaintiff "psychological and emotional distress, humiliation, and mental and physical pain and anguish[.]" Prop. FAC ¶¶ 104-06. Plaintiff specifically alleges she was demoted, was required to work in a more physically demanding position, and was refused workplace restrictions when others had received accommodations. *Id.* ¶¶ 19, 20, 23, 25. Plaintiff alleges Hannold was the Human Resources Manager who made or ratified these decisions, and was aware of Plaintiff's medical condition and her concerns about income and benefits. *Id.* ¶¶ 21, 24. As with her harassment claim, the court finds Plaintiff has sufficiently alleged IIED for purposes of joinder. *See Dordoni*, 2020 WL 6082132, at *5 ("To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility.") The court declines to make a finding as to whether Plaintiff's IIED claim against Hannold relates-back to the filing of her original Complaint under California law. *See Eghtesad v. State Farm General Insurance Co.*, 51 Cal. App. 5th 406, 415 (2020).

vi. Prejudice to Plaintiff

"In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel in state and federal court proceedings or would lead the plaintiff to forgo claims against the non-diverse defendants." *Murphy*, 74 F. Supp. 3d at 1286 (finding no prejudice where none of Plaintiff's claims against non-diverse defendant appeared valid). Additionally, "[w]here claims against parties sought to be joined in an action 'arise out of the same factual circumstances,' it is in the economic benefit of all parties and the judicial system to 'have the entire controversy adjudicated only once,' and to force the plaintiff to 'proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice.'" *Sagrero*, 2022 WL 4397527, at *4 (quoting *Avellanet v. FCA US LLC*, Case No. 2:19-cv-07621-JFW (KSx), 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019)).

If the court were to deny Plaintiff's Motion to Amend, Plaintiff could file a parallel state court action against Hannold. Given the significant factual overlap with Plaintiff's claims here, a second action would result in a waste of judicial resources.

### III. Conclusion on Motion to Amend

While Plaintiff's Motion to Amend to add a non-diverse party was filed after Defendants' removal and Plaintiff's Motion to Remand, the factors identified above weigh in favor of amendment and permitting joinder. Accordingly, the court GRANTS Plaintiff's Motion to Amend.

## MOTION TO REMAND

A district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "[c]itizens of different States." 28 U.S.C. § 1332(a). With the addition of Hannold, the parties are no longer diverse as Plaintiff and Hannold appear to be citizens of California. Defendants have not argued otherwise. Accordingly, the court no longer has jurisdiction over this action. *See* 28

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

The court, therefore, GRANTS Plaintiff's Motion to Remand.[6]

## CONCLUSION

For the reasons set forth above, the court GRANTS Plaintiff's Motion to Amend (Dkt. 13), and deems Plaintiff's Proposed FAC (Dkt. 14) filed as of April 25, 2022.  The court GRANTS Plaintiff's Motion to Remand (Dkt. 11), and REMANDS this action to the Santa Barbara County Superior Court, Case Number 22CV00636.  The Clerk of the court shall administratively close the case.

IT IS SO ORDERED.

Dated: July 25, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[6] As the court resolves Plaintiff's Motions on the basis of a diversity-destroying amendment, the court need not address Plaintiff's additional arguments in support of her Motion to Remand.  Consequently, Plaintiff's evidentiary objections are OVERRULED as MOOT.  *See* Dkt. 12.

17